**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4793**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RENALDO DEMARQUIS METCALF,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00041-WO-1)

Submitted:  September 2, 2020                     Decided:  September 21, 2020

Before KEENAN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Renaldo Demarquis Metcalf pled guilty, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2018). Metcalf's Sentencing Guidelines range was 37 to 46 months, but the district court determined that an upward departure to a 71-month sentence was warranted under U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2018), because Metcalf's criminal history category of IV substantially underrepresented the seriousness of his criminal history. Alternatively, the district court explained that an upward variance was appropriate under the sentencing factors in 18 U.S.C. § 3553(a) (2018). Metcalf appeals, contending that the district court erroneously applied the de facto career offender doctrine and that his sentence is procedurally unreasonable. We affirm.

We review a sentence, whether within, above, or below the Guidelines range, for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, afforded the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. "The district court must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this [c]ourt to conduct a meaningful appellate review." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal

2

quotation marks omitted). We will not vacate a sentence based on a procedural error that is harmless. An error is harmless if the Government shows "that the error did not have a substantial and injurious effect or influence on the result." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (internal quotation marks omitted).

Under USSG § 4A1.3, p.s., "[a]n upward departure may be warranted when a sentencing court finds a defendant's criminal history category to inadequately represent his criminal history or his likelihood of recidivism." *United States v. Myers*, 589 F.3d 117, 125 (4th Cir. 2009). We have explained that a district court departing upwardly under § 4A1.3, p.s., must do so incrementally, and while the court need not move one level at a time, the court "should move to successively higher categories only upon finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct." *United States v. Dalton*, 477 F.3d 195, 199 (4th Cir. 2007) (internal quotation marks omitted).

Metcalf contends that the district court committed procedural error by failing to depart incrementally. We conclude that, even if Metcalf is correct on that point, the district court properly explained its alternate conclusion that an upward variance to a sentence of 71 months was appropriate in light of the 18 U.S.C. § 3553 factors and addressed Metcalf's arguments for a lower sentence. *See United States v. Evans*, 526 F.3d 155, 165 (4th Cir. 2008) (explaining that district court's failure to properly apply incremental analysis may be harmless error where upward variance is justified by district court's analysis of § 3553(a) factors). Finally, although the district court expressed a belief that Metcalf should be a career offender based on his criminal history, we reject Metcalf's contention

that the district court in fact sentenced him as a de facto career offender because the district court did not use the career offender Guidelines range as a baseline or benchmark for the sentence the court ultimately imposed. *See Myers*, 589 F.3d at 125 (discussing de facto career offender doctrine).

Because Metcalf's sentence is procedurally reasonable, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
